IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DAVID GORDON WALLACE, JR. | § § | CASE NO. 15-31594-H4-7 |
| Debtors | § § § | |
| NSJS LIMITED PARTNERSHIP | § § § | |
| Plaintiff, | § § | ADVERSARY NO. 15-03238 |
| v. | § § | |
| DAVID GORDON WALLACE, JR. | § § § | |
| Defendant | § | |

**DEFENDANT'S ANSWER TO COMPLAINT
IN OBJECTION TO DISCHARGE OF DEBT, 11 U.S.C. § 523**

Defendant David Gordon Wallace ("*Wallace*") files his *Answer to Complaint in Objection to Discharge of Debt, 11 U.S.C. § 523* (the "*Answer*"), and shows:

**ANSWER TO COMPLAINT**

1. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 1. To the extent a response is required, the averments in Paragraph 1 are denied. Wallace admits that the Texas Secretary of State's official website lists an NSJS Limited Partnership as being a "Domestic Limited Partnership" with an address in Waco, Texas.

2. The averments in Paragraph 2 are denied. Wallace admits that he lives at 1634 Brookstone Lane, Sugar Land, Texas 77479.

2942048

1

3. The averments in the unnumbered Paragraph immediate following Paragraph 2 are denied. Wallace admits that his bankruptcy counsel received a copy of the Complaint.

4. The averments in Paragraph 3 are admitted.

5. The averments in Paragraph 4 are denied. Wallace asserts that the proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(I).

6. The averments in Paragraph 5 are admitted.

7. Paragraph 6 contains no averments to which no response is required. However, to the extent a response is required, the averments, if any, in Paragraph 6 are denied.

8. The averments in Paragraph 7 are admitted.

9. The averments in Paragraph 8 are admitted.

10. The first sentence of Paragraph 9 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in the first sentence of Paragraph 9 are denied. The second sentence of Paragraph 9 is admitted.

11. The averments in Paragraph 10 are admitted.

12. The first sentence of Paragraph 11 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in the first sentence of Paragraph 11 are denied. The purported "Memorandum and Judgment" speaks for itself.

13. Paragraph 12 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 12 are denied.

14. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 13. To the extent a response is required, the averments in Paragraph 13 are denied.

2942048

15. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 14. To the extent a response is required, the averments in Paragraph 14 are denied.

16. The averments in the first sentence of Paragraph 15 are admitted. The averments in the second sentence of Paragraph 15 are denied.

17. The averments in Paragraph 16 are denied.

18. The averments in Paragraph 17 are admitted.

19. The averments in the first Paragraph 18 are denied.

20. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second Paragraph 18. To the extent a response is required, the averments in the second Paragraph 18 are denied.

21. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 19. To the extent a response is required, the averments in Paragraph 19 are denied.

22. The averments in the first sentence of Paragraph 20 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second sentence of Paragraph 20. To the extent a response is required, the averments in the second sentence of Paragraph 20 are denied. The averments in the third sentence of Paragraph 20 are denied.

23. Paragraph 21 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 21 are denied.

24. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 22. To the extent a response is required, the averments in Paragraph 22 are denied.

25. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 23. To the extent a response is required, the averments in Paragraph 23 are denied.

26. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 24. To the extent a response is required, the averments in Paragraph 24 are denied.

27. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 25. To the extent a response is required, the averments in Paragraph 25 are denied.

28. The averments in Paragraph 26 are denied.

29. The averments in Paragraph 27 are denied.

30. The averments in Paragraph 28 are denied.

31. The averments in Paragraph 29 are denied.

32. There is no Paragraph 30 in Plaintiff's Complaint.

33. Paragraph 31 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 31 are denied.

34. Paragraph 32 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 32 are denied.

35. Paragraph 33 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 33 are denied.

2942048

36. The averments in Paragraph 34 are denied.

37. The averments in Paragraph 35 are denied.

38. The averments in Paragraph 36 are admitted.

39. Paragraph 37 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 37 are denied.

40. Paragraph 38 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 38 are denied.

41. Paragraph 39 is a re-allegation and incorporation paragraph to which no response is required. To the extent response is required, Wallace re-alleges and incorporates his responses in this Answer as if fully set forth at length with respect to each averment.

42. Paragraph 40 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 40 are denied.

43. Paragraph 41 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 41 are denied.

44. Paragraph 42 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 42 are denied.

45. Paragraph 43 is a re-allegation and incorporation paragraph to which no response is required. To the extent response is required, Wallace re-alleges and incorporates his responses in this Answer as if fully set forth at length with respect to each averment.

46. Paragraph 44 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 44 are denied.

47. Paragraph 45 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 45 are denied.

48.     Paragraph 46 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 46 are denied.

49.     Paragraph 47 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 47 are denied.

50.     Paragraph 48 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 48 are denied.

51.     Paragraph 49 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 49 are denied.

52.     Paragraph 50 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 50 are denied.

53.     Paragraph 51 is a re-allegation and incorporation paragraph to which no response is required.  To the extent response is required, Wallace re-alleges and incorporates his responses in this Answer as if fully set forth at length with respect to each averment.

54.     Paragraph 52 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 52 are denied.

55.     Paragraph 53 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 53 are denied.

56.     Paragraph 54 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 54 are denied.

57.     The averments in Paragraph 55 are denied.

58.     Paragraph 56 is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 56 are denied.

59. Paragraph 57 is legal argument, to which no response is required. However, to the extent a response is required, the averments alleged in Paragraph 57 are denied.

60. Wallace denies that NSJS Limited Partnership is entitled to the relief requested in the WHEREFORE Paragraph.

61. Any averments in the *Complaint in Objection to Discharge of Debt, 11 U.S.C. § 523* which have not been admitted, denied or explained are hereby denied.

62. Wallace reserves the right to amend his responses contained herein in accordance with the applicable rules of procedure.

## DEFENSES AND AFFIRMATIVE DEFENSES

63. Each of the following affirmative defenses is pleaded in the alternative:

64. Wallace asserts that the *Complaint in Objection to Discharge of Debt, 11 U.S.C. § 523* fails to state a claim upon which relief may be granted and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

65. Wallace asserts that NSJS Limited Partnership lacks standing to assert the claims set forth in the *Complaint in Objection to Discharge of Debt, 11 U.S.C. § 523*.

66. Wallace reserves the right to raise any additional defenses and/or affirmative defenses that may be determined through pretrial discovery.

WHEREFORE, David Gordon Wallace respectfully requests that the Bankruptcy Court recommend that the Plaintiff take nothing by its claims against David Gordon Wallace.

Respectfully submitted,

*/s/ Simon Mayer*
Wayne Kitchens    TBN 11541110
wkitchens@hwa.com
Simon Mayer    TBN 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR
DAVID GORDON WALLACE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the *Answer to Complaint in Objection to Discharge of Debt, 11 U.S.C. § 523* was served on the parties listed below by the method indicated on this the 30th day of October 2015.

**Attorney for Plaintiff**
David W. Anderson
Law Office of David W. Anderson
P.O. Box 6152
Kingwood, Texas 77325
*Via ECF*

                                                            */s/ Simon Mayer*
                                                              Simon Mayer