IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DAVID GORDON WALLACE, JR. | § | CASE NO. 15-31594-H4-7 |
| | § | |
| Debtors | § | |
| _____ | § | |
| | § | |
| NSJS LIMITED PARTNERSHIP | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 15-03238 |
| v. | § | |
| | § | |
| DAVID GORDON WALLACE, JR. | § | |
| | § | |
| Defendant | § | |

### UNOPPOSED MOTION TO ABATE ADVERSARY PROCEEDING

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Defendant David Gordon Wallace, Jr, ("**Wallace**") files his *Unopposed Motion to Abate Adversary Proceeding*, and shows:

2945855

## RELIEF REQUESTED

1.      Defendant Wallace respectfully requests that the Court abate the above-captioned adversary proceeding until the Fifth Circuit can rule on the Appeal (defined below).   The Plaintiff, NSJS Limited Partnership ("**NSJS**") does not oppose the requested relief.

## FACTS

2.      In 2010, NSJS filed Cause No. 2010-4220-5 in state court against Wallace, Michael Wray, Waco Town Square Management, II, Waco Town Square Partners II, L.P. ("**WTSP II**"), and Community Bank & Trust, Waco, Texas for, among other things, fraud, conversion, breach of contract, breach of fiduciary duty, and defalcation (the "**State Court Litigation**").

3.      On October 21, 2011, Waco Town Square Partners II, L.P. ("**WTSP**") and WTSP II filed separate chapter 11 petitions (Case Nos. 11-38928 and 11-38929, respectively) in the United States Bankruptcy Court, Southern District of Texas, Houston Division.  The cases were ordered jointly administered under Case Number 11-38928.

4.      WTSP and WTSP II removed the State Court Litigation to the United States Bankruptcy Court for the Western District of Texas subsequent to filing bankruptcy.  [Case No. 11-06025, Dkt. No. 1].  On February 16, 2012, the Bankruptcy Court remanded the State Court Litigation to state court based on mandatory abstention.  [Case No. 11-06025, Dkt. No. 13].

5.      On May 20, 2012, the Bankruptcy Court jointly administering the WTSP and WTSP II bankruptcy cases (the "**WTSP Bankruptcy Court**"), entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of WTSP and WTSP II, as Modified on the record at March 26, 2012 Hearing* (the "**Confirmation Order**").  [Case No. 11-38928, Dkt. No. 89].

6.      The Confirmation Order provided that,

> To the extent that NSJS holds any claims, plead or unplead, belonging to it and not to the Debtors or their respective estates, against any person or entity, other than the Debtors or their estates, NSJS may pursue such claims and nothing in this Order shall bar, enjoin, limit or impair NSJS from pursuing such claims.   Further, within forty-five (45) days of the entry of this Order, NSJS shall amend its complaint in Adversary Proceeding No. 11-06025, NSJS Limited Partnership and Waco Town Square Partners II, LP v. Waco Town Square Management II, LLC, Waco Town Square Partners II, LP. and Community Bank & Trust pending in the in the United States Bankruptcy Court for the Western District of Texas, Waco Division (removed Case No. 2010-4220-5 formerly pending in the 414th Judicial District, McLennan County, Texas) to remove all any and all claims and causes of action arising on or before the Confirmation Date that may be asserted by or on behalf of the Debtors or the Bankruptcy Estates and/or on account of the Debtors' Cases ("Amended Complaint").   If an Amended Complaint is not filed within the time period proscribed in this Order, all claims contained in the NSJS Lawsuit shall be deemed claims and causes of action arising that may be asserted by or on behalf of the Debtors or the Bankruptcy Estates and/or on account of the Debtors' Cases and must be immediately dismissed with prejudice in accordance with Article 13.9 of the Plan.

7.      On January 1, 2013, the WTSP and WTSP II debtors filed their *Motion to Hold NSJS Limited Partnerhsip in Contempt for Violation of Confirmation Order and For Sanctions* (the "***Motion for Contempt***").  [Case No. 11-38928, Dkt. No. 89].  In the Motion for Contempt, the WTSP and WTSP II debtors urged that the State Court Litigation must be dismissed because the Complaint had not been amended to remove all derivative claims as required by the Confirmation Order.

8.      On July 24, 2013, the WTSP Bankruptcy Court issued its Memorandum Opinion in which it determined that at least one of the claim in the State Court Litigation was a derivative claim and NSJS was required to amend its complaint under the terms Confirmation Order.  [Case No. 11-38928, Dkt. No. 155 p.9, 11].  Because NSJS did not amend the complaint, pursuant to the Confirmation Order all of the claims were deemed derivative claims.  The WTSP Bankruptcy

Court ordered that Cause No. 2010-4220-5, in the 414 Judicial District Court of McLennan County, Texas—i.e. the State Court Litigation—be dismissed in its entirety.  [Case No. 11-38928, Dkt. No. 155 p.11, Dkt. No. 156].

9.      NSJS appealed the WTSP Bankruptcy Court's July 24, 2013 order to the United States District Court for the Southern District of Texas, Houston, Texas (the "***District Court***").  [Case No. 4:13-cv-02374, Dkt. No. 1].  On March 13, 2014, the District Court remanded the matter back to the WTSP Bankruptcy Court.  [Case No. 4:13-cv-02374, Dkt. No. 17].

10.     On February 11, 2015, the WTSP Bankruptcy Court issued its Memorandum Opinion and Order ordered that Cause No. 2010-4220-5, in the 414 Judicial District Court of McLennan County, Texas—i.e. the State Court Litigation—be dismissed in its entirety.  [Case No. 11-38928, Dkt. No. 204, Dkt. No. 205].

11.     NSJS again appealed the WTSP Bankruptcy Court's February 11, 2015 order to the District Court.  [Case No. 4:15-cv-00485, Dkt. No. 1].

12.     On March 24, 2015, Wallace filed a chapter 7 petition (Case No. 15-31594) in the United States Bankruptcy Court, Southern District of Texas, Houston Division.

13.     On September 11, 2015, the District Court reversed and vacated the WTSP Bankruptcy Court's February 11, 2015 order.  [Case No. 4:15-cv-00485, Dkt. No. 15].

14.     On September 29, 2015, NSJS filed the above-captioned adversary proceeding objecting the discharge of debt pursuant to 11 U.S.C. § 523 (the "***Adversary Proceeding***").  The claims asserted in the Adversary Proceeding against Wallace include many of the same claims NSJS asserted against Wallace in the State Court Litigation, including fraud, breach of fiduciary duty, and defalcation.

15.     On October 7, 2015, co-defendant in the State Court Litigation, Community Bank filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit (the

"*Appeal*").  [Case No. 4:15-cv-00485, Dkt. No. 17].  The Appeal is presently pending in the United States Court of Appeals for the Fifth Circuit under Appeal Docket Number 15-20583.

## ARGUMENT

16.    The claims and underlying facts asserted by NSJS against Wallace in the Adversary Proceeding include many of the same claims NSJS asserted against Wallace in the State Court litigation.

17.    If the Fifth Circuit reverses the District Court's September 11, 2015 order and affirms the WTSP Bankruptcy Court's February 11, 2015 order, NSJS's claims in the Adversary Proceeding will be derivative claims of the WTSP bankruptcy estate pursuant to the Confirmation Order.  Under that scenario, NSJS will lack standing to assert the claims in the Adversary Proceeding.

18.    In the interest of judicial efficiency and conservation of the parties' resources, Wallace respectfully requests that the Court abate the Adversary Proceeding until the Fifth Circuit rules on the Appeal.

## NO OPPOSITION

19.    On November 19, 2015, counsel for NSJS notified the undersigned that NSJS was not opposed to the abatement of the Adversary Proceeding pending the Appeal.

## RELIEF REQUESTED

WHEREFORE, the Defendant David Gordon Wallace, Jr. respectfully request that the Court abate the Adversary Proceeding, hold a status conference in six (6) months, and such other relief as may be just.

Dated: December 1, 2015.

Respectfully submitted,

/s/ Simon Mayer
Wayne Kitchens        TBN 11541110
wkitchens@hwa.com
Simon Mayer           TBN 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR**
**DAVID GORDON WALLACE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Unopposed Motion to Abate Adversary Proceeding* was served via electronic means and/or via first class US Mail, postage prepaid, on the parties below on December 1, 2015.

**Attorney for Plaintiff**
David W. Anderson
Law Office of David W. Anderson
P.O. Box 6152
Kingwood, Texas 77325
dwanderson@ralaw.net
*Via ECF*

/s/ Simon Mayer
Simon Mayer